**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

CECILIA SALDANA,

        Plaintiff,

v.

FIRST NATIONAL COLLECTION BUREAU, INC., a Nevada corporation,

        Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    The Defendant transacts business in this Judicial District.

### PARTIES

7.    Plaintiff Cecilia Saldana is a natural person.

8.   The Plaintiff resides in the City of Lakewood, County of Jefferson, State of Colorado.

9.   The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.  The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.  Defendant First National Collection Bureau, Inc. is a Nevada corporation operating from an address at 610 Waltham Way, McCarran, Nevada, 89434.

12.  The Defendant's registered agent in the state of Colorado is Irvin A. Borenstein, Esq., 13111 E. Briarwood Avenue, Suite 340, Centennial, Colorado, 80112.

13.  The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.  The Defendant is licensed as a collection agency by the state of Colorado.

15.  The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.  The Defendant regularly attempts to collect debts alleged to be due another.

17.  The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18.  Sometime before 2012 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Fingerhut / Jefferson Capital Systems, LLC (hereinafter the "Account").

19.    The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.    The Account went into default with Fingerhut.

21.    After the Account went into default Jefferson Capital Systems, LLC alleges that it purchased the Account from Fingerhut.

22.    Jefferson Capital Systems, LLC, 16 McLeland Road, St. Cloud, Minnesota, 56303, alleges that it purchased the Account after the Account went into default and it placed the Account with the Defendant for collection from the Plaintiff.

23.    After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

24.    The Plaintiff disputes the Account.

25.    The Plaintiff requests that the Defendant cease all further communication on the Account.

26.    The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

27.    The Defendant acted at all times mentioned herein through its employee(s).

28.    In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff.

29.    The Defendant's purpose for these telephone conversation(s) was to attempt to collect the Account.

30.    The telephone conversation(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

31.   The telephone conversation(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

32.   The reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

33.   The Plaintiff and the Defendant had telephone conversation(s) regarding the Account in September 2013.

34.   During the telephone conversation(s) in September 2013 between the Plaintiff and the Defendant regarding the Account the Defendant while attempting to collect the Account represented to the Plaintiff that the Account will stay on the credit bureau reports until it is paid.

35.   The Defendant's representation stated in paragraph 34 was false and was a false representation in connection with the collection of a debt, the Account.

36.   The Plaintiff disputed the Account with the Defendant on September 2013.

37.   During a telephone conversation in September 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account.

38.   During a telephone conversation in September 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account with the Defendant.

39.   During a telephone conversation in September 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff notified the Defendant that the Account is disputed.

40. During a telephone conversation in September 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff informed the Defendant that the Account is disputed.

41. The Defendant was informed that the Account was disputed in September 2013.

42. The Defendant had knowledge that the Account was disputed in September 2013.

43. After September 2013 the Defendant communicated information regarding the Account, including the name of the creditor on the Account and the balance on the Account, to Jefferson Capital Systems, LLC without communicating to Jefferson Capital Systems, LLC that the Account is disputed.

44. After September 2013 the Defendant communicated information regarding the Account, including the name of the creditor on the Account and the balance on the Account, to Jefferson Capital Systems, LLC and did not communicate to Jefferson Capital Systems, LLC that the Account is disputed.

45. The information regarding the Account that the Defendant communicated to Jefferson Capital Systems, LLC after September 2013 conveyed information regarding the Account directly or indirectly to Jefferson Capital Systems, LLC.

46. The information regarding the Account that the Defendant communicated to Jefferson Capital Systems, LLC after September 2013 constitutes a "communication" as defined by FDCPA § 1692a(2).

47. In October 2013 the Defendant communicated information regarding the Account, including the name of the creditor on the Account and the balance on

the Account, to Jefferson Capital Systems, LLC and did not communicate to Jefferson Capital Systems, LLC that the Account is disputed.

48. In October 2013 Jefferson Capital Systems, LLC communicated information regarding the Account to Experian, Equifax and/or Transunion, credit reporting agencies.

49. In October 2013 Jefferson Capital Systems, LLC communicated to Experian, Equifax and/or Transunion the balance on the Account was $492.

50. In October 2013 Jefferson Capital Systems, LLC communicated to Experian, Equifax and/or Transunion that the original creditor on the Account was: FINGERHUT DIRECT MARKETING.

51. In October 2013 when Jefferson Capital Systems, LLC communicated information regarding the Account, including the name of the original creditor on the Account and the balance on the Account, to Experian, Equifax and/or Transunion Jefferson Capital Systems, LLC failed to communicate to Experian, Equifax and/or Transunion that the Account was disputed.

52. In October 2013 when Jefferson Capital Systems, LLC communicated information regarding the Account, including the names of the original creditor on the Account and the balance on the Account, to Experian, Equifax and/or Transunion Jefferson Capital Systems, LLC did not communicate to Experian, Equifax and/or Transunion that the Account was disputed.

53. The information communicated in October 2013 to Experian, Equifax and/or Transunion by Jefferson Capital Systems, LLC regarding the Account conveyed

information regarding the Account directly or indirectly to Experian, Equifax and/or Transunion.

54. The information communicated in October 2013 to Experian, Equifax and/or Transunion by Jefferson Capital Systems, LLC regarding the Account constituted a "communication" as defined by FDCPA § 1692a(2).

55. Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone conversation(s) with the Plaintiff on the Account in the year prior to the filing of the instant action.

56. Upon information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

57. Upon information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

58.  Upon information and belief the Defendant has a copy or copies of the audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

59. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

60. Upon information and belief in the time between when it received this Complaint and Jury Demand and when a Answer to this Complaint and Jury Demand was

filed on its behalf with the Court the Defendant made an inquiry and/or investigation as to whether it had any audio recording(s) of any telephone conversation(s) between the Defendant and the Plaintiff.

61.   Upon information and belief the Defendant sent copy(s) of any audio recording(s) that it had of telephone conversation(s) between the Defendant and the Plaintiff to the attorney and/or the law firm who employs the attorney who is filing the Answer to this Complaint and Jury Demand on behalf of the Defendant.

62.   Upon information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

63.   The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false or misleading representation(s) or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

64.   The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

65.   "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

66.   "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo.

2011).

67.    As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## <u>RESPONDEAT SUPERIOR</u>

68.    The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

69.    The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

70.    The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

71.    The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

72.    The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

73.    The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

74.    The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

75.    As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

76.    The previous paragraphs are incorporated into this Count as if set forth in full.

77.    The act(s) and omission(s) of the Defendant and its representative(s),

        employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A),

        e(8), e(10) and § 1692f preface.

78.    Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable

        attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.    Judgment in favor of the Plaintiff and against the Defendant.

2.    Damages pursuant to 15 U.S.C. § 1692k(a).

3.    Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper.

                            Respectfully submitted,

                            _s/ David M. Larson         _____
                            David M. Larson, Esq.
                            88 Inverness Circle East, Suite I-101
                            Englewood, CO 80112
                            (303) 799-6895
                            Attorney for the Plaintiff